1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C.S.A.T.F. MAIL ROOM,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00569-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

　　　　Randy Maestas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　Plaintiff filed the complaint commencing this action on April 11, 2023. (ECF No. 1). On April 17, 2023, the Court screened Plaintiff's complaint and found that it failed to state any cognizable claims. (ECF No. 6). The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; or b. Notify the Court in writing that he wants to stand on his complaint." (Id. at 10). Plaintiff filed his First Amended Complaint on May 8, 2023. (ECF No. 8). Plaintiff generally alleges that he sent legal mail but never received a response.

　　　　The Court has reviewed Plaintiff's First Amended Complaint, and for the reasons

1

described in this order, will recommend that this action be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 679.  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true.  Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

2

## II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff alleges as follows in his First Amended Complaint.

Plaintiff has submitted legal mail for a long time, but he gets no mail returned at all. Since Plaintiff brought up two female cops, all of the inmates in Cell Block 5 have been getting their mail.  This has been going on for about six months.  The two female cops are under investigation now.  The investigation is ongoing.  Plaintiff is working on this.

Examples of letters that went missing are letters Plaintiff sent to: the American Civil Liberties, Prison Law, the FBI, U.S. Postal Fraud Investigators, the local Sheriff, the State Senate, Governor Newsom, President Biden, Vice President Harris, the IRS in several different states, Talking Book for the Blind, and ABC Channel 30 News.

In the section of his complaint regarding exhaustion of administrative remedies, Plaintiff alleges that there are two female "cops" under investigation for tossing legal mail into the trash can.  A Witness saw a video.  Nothing has been done, but Plaintiff got ahold of the FBI, Internal Affairs, U.S. Postal Fraud Investigators, Prison Law, and a whole lot more.

Plaintiff wants relief for all the trouble it has cost him.  He wants what is fair.  The FBI and others will take care of the two female cops.

The only defendant listed is the "Mail Room."  (ECF No. 8, pgs. 1 & 4).

## III.     ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.  Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los

1    Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir.

2    2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

3            To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

4    under color of state law, and (2) the defendant deprived him of rights secured by the

5    Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

6    2006); see also Marsh v. County of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing

7    "under color of state law").  A person deprives another of a constitutional right, "within the

8    meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or

9    omits to perform an act which he is legally required to do that causes the deprivation of which

10   complaint is made.'"  Preschooler II v. Clark County Sch. Bd. of Trs., 479 F.3d 1175, 1183

11   (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite

12   causal connection may be established when an official sets in motion a 'series of acts by others

13   which the actor knows or reasonably should know would cause others to inflict' constitutional

14   harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of

15   causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

16   Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City

17   of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

18           A plaintiff must demonstrate that each named defendant personally participated in the

19   deprivation of his rights.  Iqbal, 556 U.S. at 676-77.  In other words, there must be an actual

20   connection or link between the actions of the defendants and the deprivation alleged to have

21   been suffered by the plaintiff.  See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S.

22   658, 691, 695 (1978).

23           Supervisory personnel are not liable under section 1983 for the actions of their

24   employees under a theory of respondeat superior and, therefore, when a named defendant

25   holds a supervisory position, the causal link between the supervisory defendant and the claimed

26   constitutional violation must be specifically alleged.  Iqbal, 556 U.S. at 676-77; Fayle v.

27   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

28   1978).  To state a claim for relief under section 1983 based on a theory of supervisory liability,

4

a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," <u>Hansen</u>, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  <u>Larez v. City of Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B. <u>Eleventh Amendment Immunity</u>

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies.  However, under *Ex Parte Young*, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities."  <u>Fireman's Fund Ins. Co. v. City of Lodi, Cal.</u>, 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (citations and internal quotation marks omitted).  Additionally, the Eleventh Amendment does not bar suits seeking damages against state officials in their individual capacities.  <u>Hafer v. Melo</u>, 502 U.S. 21, 30-31 (1991); <u>Porter v. Jones</u>, 319 F.3d 483, 491 (9th Cir. 2003).

"California prisons are entitled to Eleventh Amendment immunity."  <u>Lopez v. Wasco State Prison</u>, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citing <u>Keel v. California Dep't of Corr. & Rehabilitation</u>, 2006 WL 1523121, at *2 (E.D. Cal. May 30, 2006), <u>report and recommendation adopted sub nom.</u> <u>Keel v. CDCR</u>, 2006 WL 2501527 (E.D. Cal. Aug. 28, 2006)).

Plaintiff once again appears to be suing the California Substance Abuse Treatment Facility's mail room.  As this entity appears to be a California prison (or part of a California

prison), it is entitled to Eleventh Amendment immunity.

### C.   Federal Rule of Civil Procedure 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77.

The Court once again finds that Plaintiff fails to comply with Rule 8(a).  In its previous screening order, the Court found as follows:

> [T]he factual allegations that are included are conclusory.  Plaintiff does not need to include detailed factual allegations regarding each of the 63 letters. However, Plaintiff provides no factual allegations suggesting that the letters were lost.  For example, there are no allegations that Plaintiff sent a letter to the Court on a certain date that the Court never received.  There are also no allegations that the Court sent mail to Plaintiff on a certain date that Plaintiff never received.  If Plaintiff chooses to amend his complaint he should include additional factual allegations regarding the missing letters, such as when they were sent, to support his claim that someone is intentionally interfering with his mail.

(ECF No. 6, pgs. 6-7).

While Plaintiff now provides some examples of the letters he sent, his allegations are still conclusory.  Despite the Court specifically informing Plaintiff that he should include additional factual allegations regarding the missing letter, *such as when they were sent* (id.), Plaintiff still fails to allege that he sent a letter on a certain date that was never received, or that someone sent a letter to Plaintiff on a certain date that was never received.

Moreover, Plaintiff does not directly allege any facts, such as something a prison official said or did, suggesting that prison officials are interfering with his mail.  The only factual allegations to support Plaintiff's claim that his mail is being interfered with appears to

6

be that he never received a response to certain letters that he sent, and that ever since he "brought [] 2 female cops up" on an unspecified date, all inmates have been getting their mail. However, even at the pleading stage, these allegations are insufficient to show that prison officials are interfering with Plaintiff's mail.[1]  First, as Plaintiff fails to provide the dates he sent any particular letter, Plaintiff does not sufficiently allege that he provided sufficient time for recipients to respond to his letters.  Moreover, there are more plausible explanations for Plaintiff not receiving responses to his letters, including that the recipients, such as President Biden and Vice President Kamala Harris, never responded.  The Court also notes that isolated incidents of delay of mail or tampering with mail will generally not support a claim under section 1983 for violation of a plaintiff's constitutional rights.  See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); see also Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim).[2]

Finally, the Court previously informed Plaintiff that he "must demonstrate that each named defendant personally participated in the deprivation of his rights," and that if he did not know the names of responsible individuals, he should sue them as "Doe Defendants."  (Id. at 5-6).  However, Plaintiff once again fails to identify any responsible individual.  The only defendant listed in the First Amended Complaint is the "Mail Room" (ECF No. 8, pgs. 1 & 4), and as discussed above, the mail room is immune from Plaintiff's claims.  Plaintiff does not identify any individual as a defendant.  Even if Plaintiff intended to sue a mail room employee and not the mail room, Plaintiff does not provide any allegations regarding the conduct of any mailroom employees.

The Court notes that Plaintiff does discuss two female "cops," who were allegedly

---

[1] As discussed above, the mere possibility of misconduct falls short of meeting the plausibility standard. Iqbal, 556 U.S. at 679.  Additionally, while the Court takes Plaintiff's allegations as, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d at 681 (citation and internal quotation marks omitted).

[2] While not dispositive to the Court's analysis, the Court notes that it has received mail from Plaintiff, and Plaintiff has received mail from the Court, apparently without any issues.  Additionally, Plaintiff alleges that other letters he sent were received as well: Plaintiff he alleges that he "got ahold of the F.B.I.[,] Internal Affairs[,] U.S. Postal Fraud Investestgator's [sic][,] Prison-Law[,] and a whole lot more."  (ECF No. 8, p. 4).

caught on video tossing legal mail.  However, Plaintiff does not bring a claim against these "cops."  These "cops" are not listed, or even referred to, as defendants in this action, even though the Court informed Plaintiff how to list unidentified defendants.  Additionally, Plaintiff alleges that "the F.B.I. and others will take care of the two female cops."  (ECF No. 8, p. 5).[3]

Accordingly, the Court finds that Plaintiff's complaint once again fails to comply with Rule 8(a).

## IV.  CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court recommends that this action be dismissed, without granting Plaintiff further leave to amend.  In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint.  Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court.  Thus, it appears that further leave to amend would be futile.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1.  This action be dismissed, with prejudice; and

2.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

[3] Even if Plaintiff intended to bring a claim against these "cops," his allegations are too conclusory to support a claim.  Plaintiff alleges that an unnamed witness saw a video of unnamed "cops" throw legal mail from unspecified individual(s) in a trash can on an unspecified date.  Plaintiff also alleges that since he "brought these 2 female cops up" on an unspecified date, all inmates have been getting their mail.  These allegations do not sufficiently show that these "cops" are responsible for interfering with Plaintiff's mail.

1    Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district
2  judge to this case.

3
4  IT IS SO ORDERED.

5    Dated:   __May 17, 2023__          /s/ Erica P. Grosjean
6                                      UNITED STATES MAGISTRATE JUDGE